## Hiram A. Gooch v. William C. Furman.

1. EASEMENT—*A Perversion of the Use.*—The fact that a tenant of premises has a right to the use of a passage-way for purposes incidental to ordinary housekeeping does not give him the right to use the same as a way of access to a gymnasium used by a school of boys, or to put it to use as an adjunct to any obnoxious business contrary to the wish of others having the right also to use such way.

2. SAME—*Use of, Not to be Perverted.*—By the rule that where the owner of an entire estate arranges the same into two tenements, so that one tenement derives a benefit of a permanent, open and visible character from the other, and sells the same, the purchaser takes the tenement with all the benefits and burdens which appear at the time to belong to it, is not meant that a passage-way between the two tenements, adapted to the use of both, is thereby set apart for whatever use the owner of either tenement or his lessee sees fit to put it to.

3. DAMAGES—*On Dissolution of an Injunction.*—Where a bill is not only for an injunction, but for mandatory relief, such as the removal of a fence or the opening of a gate therein, and it is dismissed on the final hearing for want of equity, the expenses incurred by the defendant in a trial upon the merits of the entire case, and in the preparation therefor, are not properly chargeable to the complainant as damages on the dissolution of the injunction.

**Bill to Restrain the Improper Use of an Easement.**—Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded with directions. Opinion filed February 11, 1896.

Gooch v. Furman.

## Statement of the Case.

This was a bill for an injunction, filed November 5, 1894, whereby the appellant, Gooch, sought to enjoin the appellee, Furman, "from erecting, constructing or maintaining any barrier or obstruction upon any portion of the passageway situated south of and adjoining the premises, No. 4045 Drexel Boulevard, in the city of Chicago, or from in any manner interfering with the free use and enjoyment of said passage way by the complainant, or by any other person who may desire to use said passage-way for the purpose of access to or egress from the rear of said premises."

The appellant was at the time of the filing of his bill, and is now, occupying the two dwelling houses, Nos. 4043 and 4045 Drexel Boulevard, for the purposes of a college preparatory school for young men; occupying No. 4045 as his residence, also, under a certain lease from Isabella C. Leland, the owner, dated April 25, 1894, and an agreement supplemental thereto, dated August 17, 1894, whereby said two dwellings and premises, including the barns in the rear, were leased to appellant for five years, until April 30, 1899, at an annual rental of $2,400.

The said supplemental agreement contained among other things the following:

"For the purpose of putting in coal and supplies and affording access from Drexel Boulevard to the rear of said leased premises, it is expressly understood and agreed that the said lessee shall have the right to use and enjoy, as appurtenant thereto, the driveway or passage laid out south of and adjoining said dwelling house, No. 4045 Drexel Boulevard, the same to be used, however, in common with the occupants of the premises of No. 4047 Drexel Boulevard, owned by said lessor, and by her leased to William C. Furman."

The appellee, Furman, was, at the time of the filing of the bill, and is, in the occupation of the dwelling house and premises No. 4047 Drexel boulevard; occupying the house as his residence, and conducting a livery stable in the barns

in the rear, under a lease from said Isabella C. Leland, dated April 11, 1894, demising to appellee the premises described in said lease as " the frame dwelling house known as No. 4047 Drexel Boulevard, together with the two barns in the rear thereof, and the grounds adjacent thereto, as the same are occupied and enjoyed by the party of the second part at the date hereof, said dwelling house to be occupied for the purpose of a private residence, and said barns to be occupied for the purposes of a private sales stable by second party, and for no other purposes."

The principal point in controversy in this case is as to whether appellee, by his prior lease, acquired such rights in the passage-way between the two houses as conflict and are inconsistent with the use of the passage by appellant in the manner provided by the clause of his supplemental lease above quoted.

It appears from the proofs that all the premises mentioned, which are located at the northeast corner of Drexel boulevard and 41st street, have always been held under a common ownership, formerly by Mrs. Carrie Cuthbert, from whom Mrs. Leland acquired title.

The frame house on the corner, No. 4047, was first constructed, and the two stone houses, Nos. 4043 and 4045, were built subsequently by Mrs. Cuthbert, a space ten feet wide being left between Nos. 4045 and 4047, which formed the passage way in question.

As originally planned and constructed, neither of the two stone houses had any direct means of access from the boulevard other than what is known as the front door, and for some time groceries and supplies were brought in by the occupants of both houses through the passage way south of No. 4045—the back yard of No. 4045 being connected with the passage way by means of a gate, and there being also a gate connecting the back yard of No. 4045 with that of No. 4043.

Subsequently the gate last mentioned was closed up by Mrs. Cuthbert, and in place thereof she constructed a subway under No. 4043, which afforded direct access from the

boulevard to the basement of that house; but no similar provision was ever made for No. 4045, which adjoined the passage way on the north; and access to that house for the purpose of bringing in supplies, and for the use of servants, continued to be, as before, through the gateway in the fence separating the back yard of No. 4045 from the passageway.

It appears, also, that in constructing No. 4045, the bins for coal were located upon the line of the passage way, and were connected with it by means of windows opening upon it and through the passage-way; and by means of these windows the coal for that house has always been put in, until the present controversy arose.

On the 11th day of April, 1894, the date of the lease under which appellee claims the exclusive right to the passageway, the premises No. 4045 were occupied by Mrs. Julius Bauer, as lessee, under a lease from Mrs. Leland, dated April 2, 1892, conveying "the stone dwelling house known as No. 4045 Drexel boulevard, together with the barn in the rear thereof." Prior to 1892 she had occupied the premises for four years under a similar lease from Mrs. Cuthbert, no mention being made of the passage-way in either lease.

The plan and arrangement of the entire premises as the same appeared in 1888, when Mrs. Bauer first leased No. 4045 from Mrs. Cuthbert, and as they remained in April, 1892, when Mrs. Bauer received from Mrs. Leland the lease under which she was occupying No. 4045 on the 11th day of April, 1894, the date of appellee's present lease, is shown in detail by the following diagram, with the possible exception of the gate designated thereon, opening out upon 41st street, which was constructed subsequently by appellee:

DREXEL BOULEVARD.

Mrs. Bauer testified that during the entire six years that she occupied the premises No. 4045, until August 29, 1894, when her tenancy terminated, the passage-way was always used by her and the members of her household for the purpose of access from the street to the rear of the premises; that all her groceries and supplies were brought in that way; that her servants always used the passage; that she put her coal into the bins through the openings on the passage-way; that there was no other convenient mode of access to the premises for such purposes than the passage-way; and that she found it absolutely necessary to have that side entrance.

The appellee first entered into possession of the premises No. 4047 in April 1893, under a lease from Mrs. Leland to J. M. Brent, dated June 7, 1892, conveying " the two story frame building known as street number 4047 Drexel boulevard, with the south barn of the two story brick barns in the

rear, to be occupied for his private residence, and for no other purpose whatever."

In September, 1894, appellant entered into possession of No. 4045, and proceeded to erect a structure extending over the entire space forming the back yards of Nos. 4043 and 4045, designed to be used by the pupils of his school as a gymnasium; for the two-fold purpose of affording convenient access to the gymnasium, and to admit of bringing in his own groceries and supplies, a door or entrance was constructed in the south wall of this gymnasium, opening upon the passage-way at the same point where the gateway had been.

Appellee thereupon erected a permanent fence, extending across the passage-way from house to house, closing the passage for all purposes; and the obstruction remained for two weeks, when appellee removed it and erected in its place another permanent barrier directly in front of the doorway opening out upon the passage. This obstruction remained until after the filing of the bill herein.

The appellee has also, by threats of violence, prevented appellant from using the passage for putting in coal, or for any other purpose.

A preliminary injunction was granted pursuant to the prayer of the bill, and remained in force, no motion to dissolve it being made, until the case was reached for final hearing upon the merits, when, upon hearing, a decree was entered by Judge Brentano, dissolving the injunction, and dismissing complainant's bill for want of equity, and assessing defendant's damages upon dissolution of the injunction at $450.

JAMES B. KEOGH and L. D. CONDEE, attorneys for appellant.

JOHN McGAFFEY, attorney for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

We do not think that it appears that appellant had any

right to use the passage in question as a means of access to and from his gymnasium; in other words, appellant had not a right as against appellee to an easement in the passage additional to the use which prior to and at the time of appellant's leasing had been enjoyed by the tenant of, or was appurtenant to, the premises leased by him.

The use by the tenant of No. 4045 was merely for purposes incidental to ordinary house keeping; not as a way of access to a gymnasium used by a school of boys.

The lease of appellee was prior in point of time and is of No. 4047 "and the grounds adjacent thereto, as the same were (are) occupied and enjoyed by the party of the second part at the date thereof." At the date of such lease the adjacent grounds, the passage, was not occupied or enjoyed by the party of the second part thereto, subject to use by the pupils of the tenant of No. 4045 for ingress and egress to a gymnasium. Whatever right to use this passage was then appurtenant to No. 4045, was such as had arisen by usage or manifest intention in the arrangement and construction of the three dwellings by the common owner.

In Cihak v. Klekr, 117 Ill. 643, the Supreme Court said: "When the owner of two tenements, or an entire estate, has arranged and adapted these so that one tenement, or one portion of the estate, derives a benefit and advantage from the other of a permanent, open and visible character, and he sells the same, a purchaser takes the tenement, or portion sold, with all the benefits and burdens which so appear at the time of the sale to belong to it."

By this is not meant that a passage adapted for the use of two dwelling houses is thereby set apart for whatever use the owner or lessee of one dwelling sees fit to put it to. Being apparently designed to be used for dwelling house purposes, it can not be put to use as an adjunct to an obnoxious business, contrary to the wish of the occupant of one of the dwellings, an adjunct to which, as such, it is. Prior to the lease to appellant, appellee had acquired and was in possession of this passage as an adjunct to the dwelling house 4047, and the barns in the rear; the barns to be occupied for the

purposes of a private sales stable. The premises 4045 had not, up to the letting to appellant, been used other than for dwelling house purposes. We are of the opinion appellant has a right to the use of this passage-way for dwelling house purposes only.

The court should not have awarded damages upon the dissolution of the injunction. The bill was not only for an injunction, but for mandatory relief, viz., the removal of the fence erected by appellee, or the opening of a gate therein. The expense incurred by appellee was in a trial upon the merits of the entire case, and in preparation therefor, and this expense to appellee, appellant should not have been ordered to recompense. Lambert v. Alcorn, 144 Ill. 313–330.

The decree of the Superior Court is reversed and the cause remanded, with directions to enter a decree enjoining appellee from obstructing or continuing any obstruction now existing to the use of said passage-way for dwelling house purposes only, by the occupant of 4043 and 4045 Drexel Boulevard, and finding that appellant has no right to the use of such passage by himself or pupils for the purpose of ingress or egress to the gymnasium on the said premises of appellant, such decree to be without costs to either party.

Neither party will recover costs in this court. Reversed and remanded with directions.